UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-00328-1FL

**United States of America**,

v.

**Ramon Sanmartin, Jr.**,

**Order**

 

In November 2015, the Grand Jury returned a indictment charging Defendant Ramon Sanmartin, Jr. with one count of conspiracy to possess with the intent to distribute 500 grams or more of cocaine and one count of possession with the intent to distribute 500 grams or more of cocaine. In anticipation of trial, Sanmartin seeks an order requiring the Government to give notice of its intent to introduce evidence that falls under Rule 404(b) of the Federal Rules of Evidence (D.E. 23), and an order requiring the sequestration of the Government's witnesses and prohibiting the Government from discussing the trial testimony of witnesses with other individuals who may testify at trial (D.E. 25). In response, the Government contends that Sanmartin's motion for disclosure of Rule 404(b) evidence should be denied as moot because it will produce the requested documents and information no later than seven days before trial. D.E. 29. With regards to sequestration, the Government requests that Sanmartin's witnesses also be subject to a sequestration order and that it be allowed to designate one witness to remain in the courtroom for the duration of the trial. D.E. 28.

## I.    Notice of Intent to Offer Rule 404(b) Evidence

Sanmartin requests that the Government "disclose the substance of any evidence it intends to introduce against [him] pursuant to Rule 404(b) of the Federal Rules of Evidence…." D.E. 23  at 1. However, under Rule 404(b)(2), a defendant is only entitled to receive "reasonable

notice of the general nature of any [Rule 404(b)] evidence that the prosecutor intends to offer at trial….” Fed. R. Evid. 404(b)(2)(A). The Government represents to the Court that it will comply with its obligations under Rule 404(b) no later than one week before trial. D.E. 29 at 1. Therefore, Sanmartin’s request regarding Rule 404(b) evidence (D.E. 23) is granted in part and denied in part. The Government is ordered to notify Sanmartin of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

## II.    Request for Witness Sequestration

Sanmartin seeks the exclusion of all of the Government’s witnesses from the trial except for a designated case agent. He also requests that the court prohibit the Government and its case agent from discussing trial testimony with any other witness it may call during the trial. The Government does not oppose the sequestration of its witnesses, but requests that Sanmartin’s witnesses be sequestered as well. The Government also indicates that it may seek an exemption from the sequestration order at a later date so that its expert witness may attend some or all of the trial.

The Federal Rules of Evidence require that, upon the request of a party, the court exclude witnesses from trial so that they cannot hear the testimony given by other witnesses. Fed. R. Evid. 615. However, the court may not exclude certain categories of people, including “a party who is a natural person” or a designated officer or employee of a party that is not a natural person. *Id.* at 615(a), (b). Therefore, the court orders that all witnesses that may be called by Sanmartin and the Government, other than the defendant and a case agent designated by the Government, shall be excluded from the courtroom during trial.

The court will also limit the witnesses' ability to discuss the case with others, but not to the extent Sanmartin requests. The Fourth Circuit has explained that "lawyers are simply not subject to the Rule." *United States v. Rhynes*, 218 F.3d 310, 316 (4th Cir. 2000). As a result, "sequestration orders prohibiting discussions between witnesses should, and do, permit witnesses to discuss the case with counsel for either party…." *Id.* at 317. Therefore, witnesses subject to this sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

## III.    Conclusion

As discussed above, the court orders as follows:

1.      Sanmartin's request regarding Rule 404(b) evidence (D.E. 23) is granted in part and denied in part. The Government is ordered to notify Sanmartin of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

2.      The motion seeking sequestration of witnesses (D.E. 25) is granted in part and denied in part. All witnesses that may be called by Sanmartin and the Government, other than the defendants and a case agent designated by the Government, shall be excluded from the courtroom during trial. Witnesses subject to this sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

Dated: January 6, 2016

*Robert T Numbers II*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Robert T. Numbers, II
United States Magistrate Judge