UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-00328-1FL

**United States of America**,

v.

**Ramon Sanmartin, Jr.**,

        Defendant.

**Memorandum & Recommendation**

Defendant Ramon Sanmartin, Jr. requests that the court suppress all physical evidence seized on August 25 and August 26, 2015 from a search of a United States Express Mail Parcel ("parcel") and any evidence recovered from the search the cellular phone seized subsequent to Sanmartin's arrest on August 26, 2015 (D.E. 24, 26).[1] The Government opposes Sanmartin's request to suppress evidence obtained from the search of the parcel and asserts that no evidence was recovered from the search of the seized cellular phone (D.E. 27).

After reviewing the parties' arguments and the applicable law, the undersigned magistrate judge recommends that the district court deny Sanmartin's motion. Sanmartin is not entitled to have the physical evidence obtained from the search of the parcel suppressed because he did not have a reasonable expectation of privacy in the parcel. Sanmartin is also not entitled to suppress any evidence obtained as a result of the search of the cellular phone for the same reason.

**I.**     **Background**

On August 24, 2015, a United States Express Mail Parcel ("parcel") addressed to Bonilla SanMartin, 1000 Airport Blvd., Morrisville, North Carolina (D.E. 24-2 at 4) was placed in the

---

[1] Sanmartin filed an Amended Motion to Suppress on December 22, 2015 (D.E. 26).

mail stream in San Juan, Puerto Rico (D.E. 24-1 at 5). On that same date, a Postal Inspector in Puerto Rico determined that the parcel was suspicious—due to its handwritten label and origination from a source state for narcotics (*id.*)—and called Inspector Pollard in Greensboro, North Carolina to inquire whether Inspector Pollard wanted the parcel mailed directly to her office (D.E. 24-3 at 2). Inspector Pollard answered in the affirmative and received the parcel on August 25, 2015. *Id.*

After receiving the parcel, Inspector Pollard attempted to verify the information on the Express Mail label. D.E. 24-1 at 6. She determined that the name of the recipient was not associated with the indicated address and arranged for a drug-detecting K-9, K-9 Peaches, to come to the facility. *Id.* at 7. K-9 Peaches alerted to the parcel in question and Inspector Pollard submitted an application for a search warrant to a North Carolina Magistrate. *Id.* The Magistrate issued the warrant Inspector Pollard requested.

Law enforcement opened the parcel and discovered that it contained cocaine. D.E. 24-2 at 4. The parcel was then delivered to the address on the label, a Days Inn Hotel, and Ramon Sanmartin, Jr. picked up the package from the front desk. *Id.* Sanmartin was then taken into custody and gave consent for law enforcement to search his room. *Id.* Law enforcement discovered a cellular phone and later applied for a warrant to search the phone. *Id.* at 5.

**II.    Analysis**

Sanmartin contends that the evidence obtained from the parcel should be suppressed because it was seized and detained without reasonable articulable suspicion. In response, the Government correctly argues that Sanmartin did not have a legitimate expectation of privacy in the parcel and is not entitled to protection under the Fourth Amendment.

2

The Fourth Amendment prevents unreasonable searches and seizures. U.S. Const. Amend. IV. The Fourth Amendment "protects people, not places," *Katz v. United States*, 389 U.S. 347, 351 (1967), and a defendant must have a "legitimate expectation of privacy in the area searched" in order to seek protection under the Fourth Amendment, *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980). Sealed packages are "entitled to Fourth Amendment protection against warrantless searches and seizures" but only the sender and the addressee have a legitimate expectation of privacy in the sealed packaged. *United States v. Givens*, 733 F.2d 339, 341–42 (4th Cir. 1984). A third-party may have a legitimate expectation of privacy in the sealed package, however, if the package is "addressed to [him] under a fictitious name[]." *United States v. Castellanos*, 716 F.3d 828, 834 (4th Cir. 2013) (quoting *United States v. Villarreal*, 963 F.2d 770, 774 (5th Cir. 1992)) (internal quotation marks omitted). The defendant "bears the burden of demonstrating that [he] had a legitimate expectation of privacy in the contents of the package." *Givens*, 733 F.2d at 341.

The parcel in question was addressed to Bonilla SanMartin and was picked up by Ramon Sanmartin, Jr., the defendant. "Bonilla SanMartin" and "Ramon Sanmartin, Jr.," are two different names, although the last names are similar. Sanmartin has not provided any evidence that "Bonilla" was an alias of his or that he was the intended recipient. Accordingly, Sanmartin has not met his burden in proving that he had a legitimate expectation of privacy in the parcel and he cannot seek protection under the Fourth Amendment.

Sanmartin's sole argument regarding the cellular phone is that it should be suppressed because it was the fruit of the search of the parcel. However, "the exclusionary rule's benefits run only to those whose Fourth Amendment rights have been violated." *Givens*, 733 F.2d at 341.

3

Case 5:15-cr-00328-FL   Document 39   Filed 01/07/16   Page 3 of 5

Because Sanmartin cannot seek protection under the Fourth Amendment, he also cannot seek protection under the exclusionary rule.

### III. Conclusion

Based upon the foregoing, the undersigned recommends that the district court deny Sanmartin's motion to suppress evidence obtained from the search of the parcel and from the search of the cellular phone (D.E. 24, 26).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the**

**Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Dated: January 7, 2016

_____
R<small>OBERT</small> T. N<small>UMBERS</small>, II
U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>