IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-328-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| RAMON SANMARTIN, JR., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to suppress certain evidence allegedly obtained in violation of the Fourth Amendment to the United States Constitution. (DE 24, DE 26). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Robert T. Numbers II entered a memorandum and recommendations ("M&R"), wherein it is recommended that defendant's motion be denied. (DE 58). Defendant timely objected to the M&R and the government has responded. In this posture, the motion is ripe for ruling. For the reasons given more specifically below, the court denies defendant's motion.[1]

**STATEMENT OF THE CASE**

On November 3, 2015, defendant was named in a two count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21

---

[1] The magistrate judge also entered M&R on January 1, 2016. (DE 39). That M&R was based on the government's understanding of certain evidence, since learned to be erroneous. (See Gov't's Notice of Change in Position, DE 48). Accordingly, the court REJECTS the January 1, 2016, M&R as MOOT. (DE 39).

U.S.C. § 841(a)(1) and § 846; and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. 841(a)(1).[2]

On December 11, 2015, defendant filed the instant motion to suppress. He supplemented the instant motion on December 22, 2015. Defendant argues that the court should suppress cocaine obtained from a sealed package shipped through the United States Postal Service ("USPS"), where that sealed package unlawfully was seized in violation of the Fourth Amendment. In addition, defendant argues that certain evidence retrieved from cellular phones found on his person at the time of his arrest, August 26, 2015, also should be suppressed because, since his arrest was facilitated by the illegally-seized cocaine, those cellular phones are "fruit of the poisonous tree."

Defendant contends that the package was seized when a postal inspector in San Juan, Puerto Rico, identified it as suspicious, placed it in a separate shipping container, and had it sent directly to another postal inspector in North Carolina, where the package was headed, for further inspection. Defendant argues that this seizure was unlawful for two reasons. First, defendant maintains the San Juan postal inspector did not have reasonable suspicion to support it. Second, defendant argues that it was of an unreasonable duration.[3]

The government argues in response that the San Juan postal inspector's re-routing of the sealed package to her counterpart in North Carolina did not constitute a "seizure" for purposes of the Fourth Amendment. In the alternative, the government contends that even if the re-routing of

---

[2] A superseding indictment was filed on January 5, 2016 to correct a clerical error.

[3] Defendant also argues that a "dog sniff," conducted by a drug detecting canine in Greensboro, North Carolina, was performed without reasonable suspicion. This argument rises and falls with defendant's larger argument about the legality of the seizure of the sealed package.

2

the sealed package was a seizure, that the San Juan postal inspector had reasonable suspicion to temporarily seize the sealed package and further that the length of such seizure was reasonable.

Evidentiary hearing was held before the magistrate judge on March 22, 2016. M&R was entered April 1, 2016. Therein, the magistrate judge recommends denying defendant's motion to suppress because the San Juan postal inspector's act, segregating the sealed package from the rest of the mail shipment and directing its delivery to her counterpart in North Carolina, was not a "seizure" under the Fourth Amendment. Defendant's objections followed.

## STATEMENT OF FACTS

On August 24, 2015, an unknown individual placed with the USPS at a satellite post office in San Juan, Puerto Rico, a sealed package for delivery to defendant, Ramon San Martin, at 1000 Airport Blvd, Morrisville, North Carolina. The hand written return label listed the sender's address in "Guainabo," Puerto Rico. The sender designated the sealed package "Priority Express," paying $86.70 in shipping costs. The "Priority Express" designation guaranteed delivery of the package to defendant by 3:00 p.m. the next day, August 25, 2015. The sealed package left the satellite post office around 5:00 p.m. on August, 24, 2015, headed for San Juan's main post office.

At San Juan's main post office, Postal Inspector Veronica Martinez performed a routine outbound interdiction, visually inspecting a number of outgoing parcels. During that interdiction, Martinez observed the sealed package and found it suspicious. At evidentiary hearing, Martinez testified that she found the package suspicious based on a number of factors, including: the amount of tape used on its exterior; the size and weight of the Express Mail package, because, in her experience, Express Mail packages usually contain only paper; the return address, which contained a misspelling of the city "Guaynabo," as Guainabo; the amount of postage paid; and the fact such

3

a parcel was sent Express Mail, a form of mailing frequently used for controlled substances. In addition, Martinez found suspicious the fact that the package was mailed from a satellite post office known to be used to mail controlled substances, was mailed from a different city than the one listed in the return label, and the fact that the label was hand written. Lastly, Martinez testified that Puerto Rico is a known source state for narcotics.

Following her observation of the sealed package, Martinez, following USPS protocol for the treatment of suspicious packages, contacted Postal Inspector Angela Pollard, located in Greensboro, North Carolina. After discussing the sealed package with Pollard, Martinez "referred" the package to Pollard at Pollard's request. As part of the referral process, Martinez placed the sealed package in a separate mail bag addressed to Pollard. That separate mail bag containing the sealed package then was placed in with the rest of the mail leaving Puerto Rico for the mainland United States on the evening of August 24, 2015.

Pollard received the sealed package at approximately 7:45 a.m. on August 25, 2015. She then took it back to her office where she attempted to verify the delivery address, which she learned was a Days Inn hotel. Later, Pollard arranged for a drug-sniffing canine to test the sealed package for narcotics. The sealed package was placed in a lineup among other, similar packages, and, at 8:35 a.m., the drug-sniffing canine alerted to the package, indicating the presence of narcotics. Immediately thereafter, Pollard contacted the United States Attorney for the Middle District of North Carolina in order to obtain a search warrant. That warrant was issued on August 26, 2015, at 9:10 a.m.

Following issuance of the warrant, the sealed package was transferred to this district, where postal inspectors opened it and discovered that it contained three vacuum sealed bricks of cocaine.

4

The sealed package later was delivered to defendant at that Days Inn hotel. Defendant was arrested after receiving the sealed package. Law enforcement obtained from defendant two cellular phones as part of that arrest.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews <u>de novo</u> those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a <u>de novo</u> review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Defendant objects to the M&R's recommendation that his motion to suppress be denied because Martinez's diversion of the sealed package to Pollard was not a "seizure" within the meaning of the Fourth Amendment. However, even assuming that Martinez's diversion of the sealed package was a "seizure," defendant's motion to suppress still must be denied. On the facts of this case, that seizure was supported by articulable reasonable suspicion and was reasonable in duration.

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. That prohibition protects persons, as well as property. <u>See</u> <u>Soldal v. Cook Cty.</u>, 506 U.S. 56, 61 (1992). Generally, "first-class mail" is protected by the Fourth Amendment. <u>United</u>

States v. Van Leeuwen, 397 U.S. 249, 251 (1970); United States v. Givens, 733 F.2d 339, 341–42 (4th Cir 1984) (holding sealed parcels entitled to Fourth Amendment protection from unreasonable searches and seizures). A "seizure of property" occurs when "there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). The court will assume that the sealed package was "seized" for purposes of the instant motion. See id. at 120–21 ("[T]he agents' assertion of dominion and control over the package and its contents did constitute a 'seizure.'").

The Fourth Amendment does not protect against all seizures, however. It only protects against "unreasonable" ones. See U.S. Const. amend. IV. The seizure of a sealed package by the USPS is not "unreasonable" where it is supported by reasonable, articulable suspicion and of limited duration. United States v. Kent, __ F. App'x __, 2016 WL 3254709, at *3 (4th Cir. 2016); see also United States v. Place, 462 U.S. 696, 702, 706 (1983); Van Leeuwen, 397 U.S. at 252–53. To determine whether Martinez had reasonable suspicion to detain the parcel, the court must consider "the totality of the circumstances," and determine whether she "ha[d] a 'particularized and objective basis' for suspecting legal wrongdoing." United States v. Arvizu, 534 U.S. 266, 273 (2002). No one factor is dispositive. Rather, "[a] combination of seemingly independent innocent factors may create a reasonable suspicion" United States v. Scarborough, 128 F.3d 1373 (10th Cir. 1997); see also United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008) ("Judicial review of the evidence offered to demonstrate reasonable suspicion must be commonsensical, focused on the evidence as a whole, and cognizant of both context and the particular experience of officers charged with the ongoing tasks of law enforcement.").

At the suppression hearing, Martinez testified that a number of factors raised her suspicion that the sealed package contained illegal drugs. Among other things, Martinez testified that the package was heavily taped around the sides, was sent from a post office frequently used to mail

narcotics, and was of an unusual size and weight. Moreover, Martinez testified that the return label suggested criminal activity because it contained certain misspellings, was handwritten, and listed a city other than San Juan. Finally, Martinez testified that Puerto Rico is a known source state for narcotics. These facts are more than sufficient to justify the temporary detention of the package. See, e.g., United States v. Huerta, 655 F.3d 806, 809 (8th Cir. 2011) (reasonable suspicion to seize package existed where label was handwritten, and package was sent from drug source state, had heavily taped seams, and was mailed from a zip code different than zip code associated with return address, among other things); United States v. Dennis, 115 F.3d 524, 532 (7th Cir. 1997) (reasonable suspicion to detain package existed where package was heavily taped, sent from private person to private person, mailed from source state, and mailed from different zip code than the zip code associated with return address); Scarborough, 128 F.3d at 1378 (reasonable suspicion to detain package existed where package was sent from source state between individuals, and handwritten label had multiple errors in return address, including no zip code, a misspelled street, a correction in the city name, and a nonexistent street number).[4]

Nevertheless, reasonable suspicion of criminal activity does not justify the indefinite detention of the sealed package, or any other item of first-class mail. See Place, 462 U.S. at 709–10. An unreasonably lengthy "temporary" seizure may constitutionally taint law enforcement's actions beyond repair. See id. (holding 90-minute seizure of luggage, taken from defendant, constitutionally impermissible). When a sealed package is mailed Priority Express, guaranteeing delivery by a specified time, a seizure cannot be of unreasonable duration, unless, at a minimum, the seizure is likely to affect the package's guaranteed delivery time. See United States v. Demoss, 279 F.3d 632,

---

[4] At hearing, Martinez testified that she did not have an independent recollection of the sealed package's physical features, and, over defendant's objection, testified as to the above only after viewing several pictures of the sealed package. (Hearing Tr., DE 62, 56:19–22). Defendant does not object to the magistrate judge's unfavorable resolution of his evidentiary challenge. The court has reviewed the transcript and finds no clear error in the magistrate judge's ruling. See United States v. Hernandez-Mendez, 626 F.3d 203, 211 (4th Cir. 2010) (court uses objective facts, not subjective intent, to assess reasonable suspicion).

636–37 (8th Cir. 2002) (holding seizure not of unreasonable duration where there was "little risk that the package would not have made it onto the appropriate delivery truck"); see also Van Leeuwen, 397 U.S. at 252–53 ("Theoretically—and it is theory only that [defendant] has on his side—detention of mail could at some point become an unreasonable seizure"; holding postal inspector's 29-hour seizure of first class package was not unreasonable). In this case, the seizure of the sealed package was not unreasonable in duration because, from the time it was seized in Puerto Rico on August 24, 2015, until the drug-sniffing canine alerted to the presence of narcotics at 8:35 a.m. on August 25, 2015, there was no delay in the processing of that package to suggest it would arrive after its guaranteed delivery time, August 25, 2015, at 3:00 p.m.[5]

Once the drug-sniffing canine alerted to the presence of narcotics in the sealed package, Pollard's reasonable suspicion was elevated to probable cause. See United States v. Robinson, 707 F.2d 811, 814 (4th Cir. 1983). At that point, Pollard was justified in continuing her seizure of the sealed package until a search warrant could issue. See United States v. Cephas, 254 F.3d 488, 494–95 (4ht Cir. 2001). Had Pollard relinquished control of the sealed package, it would have been transported to Morrisville to ensure its timely delivery to defendant. After its delivery, the unknown contraband easily could have been removed or destroyed. Pollard's decision to retain possession over the sealed package until the issuance of the warrant is further supported by her knowledge that the delivery address was a hotel. Had Pollard relinquished control over the sealed package for

---

[5] Because Martinez had reasonable suspicion to seize the sealed package and communicated the basis for that reasonable suspicion to Pollard, defendant's argument that Pollard did not have the necessary reasonable suspicion to perform a dog sniff lacks merit. See United Staes v. Hensley, 469 U.S. 221, 230–33 (1985) (holding officer had reasonable suspicion to stop a suspect based on fellow officer's known observation); see also United States v. Massenburg, 654 F.3d 480, 491–92 (4th Cir. 2011) (describing "collective knowledge" or "fellow officer" rule).

delivery, defendant could have accepted it and thereafter absconded, leaving law enforcement uncertain as to his whereabouts.[6]

In sum, even assuming that the sealed package was seized in Puerto Rico, that seizure was supported by reasonable, articulable suspicion and was not unreasonable in duration. Therefore, defendant's motion to suppress the cocaine found in that sealed package is denied. Because the court has determined that the seizure of the sealed package was lawful, defendant's argument that the cellular phones seized incident to his arrest should be suppressed as fruit of the poisonous tree lacks merit and his motion to suppress also is denied on that basis.

## CONCLUSION

Based on the foregoing, upon de novo review of those portions of the M&R to which specific objections were raised, and considered review of the remainder thereof, the court DENIES defendant's motion to suppress. (DE 24; DE 26). A separate notice setting this matter for a trial scheduling conference will follow.

SO ORDERED, this the 15th day of July, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[6] Even assuming Martinez's temporary seizure of the sealed package was unreasonable in duration, as defendant contends, defendant has not specifically objected to the magistrate judge's recommendation that the court strike defendant's amendment to her motion to suppress (DE 26), the first time defendant raises the duration issue, as untimely. Accordingly, where the magistrate judge's recommendation in this regard is not clearly erroneous, the court alternatively would deny defendant's motion to suppress, insofar as it argues the temporary seizure of the sealed package was unreasonable in duration, on timeliness grounds.