IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-328-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| RAMON SANMARTIN, JR., | ) |
| Defendant. | ) |

In this case set for jury selection later today, with trial testimony commencing Monday, the court now takes up the government's motion to bar testimony by U.S. Postal Inspector Veronica Martinez, (DE 74), which motion is opposed.

## BACKGROUND

In previous order, the court described Martinez's role, in relevant part, as follows: "Martinez observed the sealed package and found it suspicious. . . . Martinez 'referred' the package . . . . As part of the referral process, Martinez placed the sealed package in a separate mail bag . . . . That separate mail bag containing the sealed package then was placed in with the rest of the mail leaving Puerto Rico." (DE 63, 3–4).

Here "the Government requests that this Court preclude the defendant from relitigating the issues already resolved by the Court's July 15 Order and to bar the testimony of Inspector Martinez at trial." (DE 74, 3). The government argues that Martinez's only relevant testimony is her observation of characteristics of the package supporting reasonable suspicion, that the court already has found seizure was supported by reasonable suspicion, and therefore, that Martinez's testimony

should be excluded. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (explaining that, when a court decides upon a rule of law, that decision continues to govern the same issues in subsequent stages of the same case). In response, defendant contends he is entitled to challenge the chain of custody of the package, and that defendant has a right to "compulsory process for obtaining witnesses in his favor," pursuant to the Sixth Amendment of the U.S. Constitution.

COURT'S DISCUSSION

"[A] criminal defendant has the right to present a defense, including offering the testimony of witnesses and compelling witness attendance." Washington v. Texas, 388 U.S. 14, 19 (1967). Under Federal Rule of Criminal Procedure 17, this includes the right to request issuance of a subpoena directing a person to testify. As it relates to testimony by witnesses with firsthand knowledge of relevant facts, "gaps in the chain of custody normally go to the weight of the evidence rather than its admissibility." Melendez-Diaz v. Massachusetts, 557 U.S. 305, 311 n.1 (2009) (quotation omitted). "It is up to the prosecution to decide what steps in the chain of custody are so crucial as to require evidence; but what testimony is introduced must (if the defendant objects) be introduced live." Id.

The government's argument that Martinez's only relevant testimony pertains to reasonable suspicion is without merit, where Martinez may testify also to the package's chain of custody. Permitting Martinez to testify does not necessarily allow defendant to relitigate the court's denial of defendant's motion to suppress contents of the package, as the government suggests. Instead, the court directs defendant to limit his examination of Martinez to his development of a defense, such as imperfect chain of custody of the package, which goes to the weight of the evidence seized rather than its admissibility. See Melendez-Diaz, 557 U.S. at 311 n.1. Moreover, defendant is entitled to

2

compel process for obtaining witnesses, such as Martinez, in order to mount a defense to the government's evidence against him. See U.S. Const. amends. V, VI; Fed. R. Crim. P. 17; Washington, 388 U.S. at 14.

While a defendant's right to compulsory process is not unlimited, and exclusion of evidence as a result of accommodating other legitimate interests in the criminal trial process generally is only unconstitutional where the exclusion "has infringed upon a weighty interest of the accused" or "significantly undermined the fundamental elements of the defendant's defense," United States v. Scheffer, 523 U.S. 303, 308, 315 (1998), the government's argument that it would cause unnecessary delay in the trial to require a witness to come from Puerto Rico to testify does not rise to the level of a legitimate interest in the criminal trial process sufficient to warrant denying request by defendant to cause Martinez to appear and testify. On this motion filed August 15, 2016, the court has expedited its ruling in anticipation that no trial delay need accrue in this instance, given that on the schedule earlier suggested by the parties, defendant is unlikely to be called upon for evidence, if any, until around August 31, 2016.

CONCLUSION

In accordance with the forgoing, the court DENIES in PART with respect to barring Martinez from testifying as to her knowledge of the package's chain of custody, and GRANTS in PART with respect to barring defendant from relitigating the issue of reasonable suspicion through testimony from Martinez the government's motion.

SO ORDERED, this the 26th day of August, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge